**IN THE UNITED STATES DISTRICT COURT
OR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILL MOFFETT and CURTIS BOWERS, on behalf of themselves and all other persons similarly situated, known and unknown<br><br>Plaintiffs,<br><br>v.<br><br>HC AURORA, LLC and PENN NATIONAL GAMING, INC.<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL

Defendants, HC Aurora, LLC and Penn National Gaming, Inc. ("Defendants"), through their undersigned attorneys, hereby remove to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Will Moffett and Curtis Bowers v. HC Aurora, LLC, and Penn National Gaming, Inc.*, currently pending in the Circuit Court for the Sixteenth Judicial Circuit in Kane County, Illinois, Civil Division, Case No. 19 L 000561. In support of removal, Defendants state as follows:

1.      On November 12, 2019, Plaintiffs Will Moffett and Curtis Bowers ("Plaintiffs") filed this action on behalf of themselves and all other similarly situated individuals in the Circuit Court of Kane County, Illinois. Plaintiffs assert a class action claim for alleged violations of the Illinois Biometric Information Privacy Act ("740 ILCS 14/1 *et seq.*") ("BIPA"). A true and accurate copy of the complaint filed in the state court action, along with all other process, pleadings, and orders with which Defendants have been served are attached hereto as Exhibit A.

2.      Defendants currently are the only defendants in the state court litigation. HC Aurora, LLC was served on November 19, 2019 and Penn National Gaming, Inc. was served on

November 25, 2019. Removal is timely because this notice is filed within 30 days of service on each Defendant of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(2)(B). Both Defendants consent to removal of this action. *See id.*

**REMOVAL IS PROPER**

3.     Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the state court action filed by Plaintiff in Kane County, Illinois. *See* 28 U.S.C. § 93(a)(1).

4.     This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

**II.**    **Removal is Proper Under CAFA**

5.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant (referred to as minimal diversity), the putative class has more than 100 members, and the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions under 28 U.S.C. § 1446. The putative class action described in the Complaint satisfies the requirements of CAFA.

6.     Minimal diversity exists between Plaintiffs and Defendants. Plaintiffs are both Citizens of Illinois. (Compl. ¶¶ 13-14.) HC Aurora is an Illinois limited liability company. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). HC Aurora's sole member is Hollywood Casinos, LLC. Hollywood Casinos' sole member is

CRC Holdings, Inc. For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CRC Holdings is a Florida corporation with its principal place of business in Pennsylvania. Accordingly, HC Aurora (tracking down through its LLC members) is a Citizen of Florida and Pennsylvania. Penn National Gaming Inc. is a Citizen of Pennsylvania because it is a Pennsylvania corporation with its principal place of business in Pennsylvania.

7.     Upon information and belief, there are non-named absent members of the proposed class that are not citizens of Florida and Pennsylvania.

8.     As to CAFA's numerical requirement, Plaintiffs' complaint purports to bring this case on behalf of the following proposed class:

> All individuals who entered Hollywood Casino Aurora between November 12, 2014 and the present, including:
>
> - Hollywood Casino Aurora patrons whose phone identification was recorded by Defendants; and
>
> - Hollywood Casino Aurora patrons who are members of Defendants' MyChoice program (the "Class").

Compl. ¶ 46. Plaintiffs allege that the proposed class "includes thousands of people." *Id.* ¶ 47. Thus, accepting Plaintiffs' allegations as true solely for purposes of this notice of removal, CAFA's class member numerical requirement is met. *See Peatry v. Bimbo Bakeries USA, Inc.,* 393 F. Supp. 3d 766 (N.D. Ill. Aug. 7, 2019) (stating that defendants are entitled to accept the complaint's allegations for purposes of assessing removal).

9.     Finally, the CAFA amount in controversy is met. A notice of removal "need include only a plausible allegation" that CAFA's $5 million amount in controversy threshold is satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). It "need not contain evidentiary submissions." *Id.* at 84. Defendants deny Plaintiffs' claims of

wrongdoing and maintain that neither Plaintiffs nor any of the proposed class members have a viable claim or is entitled to any damages in this case. However, Defendants accept the complaint's allegations solely for the purpose of assessing the alleged amount in controversy. *See Peatry,* 393 F. Supp. 3d at 766.

10.  In the complaint, Plaintiffs allege that Defendants "utilize[ed] facial recognition technology" to collect biometric information and identify visitors to HC Aurora's Casino, including Plaintiffs "when [they] have visited the Casino." Compl. ¶¶ 25, 32. The complaint alleges that there are "hundreds of thousands of visits per year" to HC Aurora's casino. *Id.* ¶ 23. These allegations allow this Court to infer that the "thousands" of class members had their biometric information collected each time they visited HC Aurora's Casino. *See Peatry,* 393 F. Supp. 3d at 769 (Amount in controversy is met where the "complaint and BIPA together can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time [plaintiff] and the putative class members" were the subject of biometric technology.). This inference, coupled with Plaintiffs' allegations that the class "includes hundreds and likely thousands of members," and that Defendants engaged in reckless conduct under BIPA (thereby allowing for potentially $5,000 per violation), Compl. ¶¶ 62, 70, allows this Court to determine that the CAFA amount in controversy is met. Accordingly, accepting Plaintiffs' allegations as true solely for purposes of determining removal, Plaintiffs' complaint seeks more than $5 million in compensatory damages in the aggregate.[1]

---

[1]  Defendants deny Plaintiffs' claims of wrongdoing, deny that class certification is proper, and deny that Plaintiffs or any of the class members are entitled to any damages. Defendants also dispute Plaintiffs' interpretation of the remedies under BIPA, including Plaintiffs' position that they are entitled to a separate statutory damages amount for each time Plaintiffs visited HC Aurora's Casino. The above simply assumes *for CAFA removal purposes only* that if Plaintiffs are able to establish a class and prove the allegations in the complaint, the total amount of

11.     Plaintiffs also request injunctive relief. *See* Compl, Prayer for Relief. This request further increases the amount in controversy, which provides a further basis for removal. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (acknowledging that injunctive relief increases the amount in controversy).

*12.*     Moreover, because complete diversity exists between the named Plaintiffs and Defendants, removal may also be proper under 28 U.S.C. § 1332(a). In the complaint, Plaintiffs allege that they are "regular patrons of HC Aurora" and that they have "visited the Casino numerous times over the past five years." Compl. ¶ 5. Plaintiffs seek damages for each violation of BIPA. *See* Compl. Prayer for Relief. To the extent Plaintiffs claim that Defendants recklessly violated BIPA each time Defendants' facial recognition technology allegedly captured or collected Plaintiffs' biometric information on each of their "numerous" visits to the Casino, the amount in controversy potentially exceeds the $75,000 diversity threshold (*e.g.*, 15 visits multiplied by $5,000 in recklessness-related statutory damages under BIPA, equals $75,000). On these facts (assumed true solely for purposes of this removal analysis, *see Peatry*, 393 F. Supp. 3d at 766), removal under 28. U.S.C. § 1332(a) would also be proper.

13.     Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to all parties and will file a notice in the Kane County Circuit Court.

WHEREFORE, Defendants respectfully request that the action pending against it in the Circuit Court for the Sixteenth Judicial Circuit in Kane County, Illinois, Civil Division, be removed to this Court.

---

monetary relief sought by Plaintiffs and the proposed class would exceed $5 million, exclusive of interests and costs.

Dated: December 9, 2019                    Respectfully submitted,

                                           HC AURORA, LLC and PENN NATIONAL
                                           GAMING, INC.


                                           */s/ Daniel R. Saeedi*
                                           Daniel R. Saeedi (#6296493)
                                           dsaeedi@taftlaw.com
                                           Allison E. Czerniak (#6319273)
                                           aczerniak@taftlaw.com
                                           TAFT STETTINIUS & HOLLISTER LLP
                                           111 East Wacker Drive, Suite 2800
                                           Chicago, IL 60601
                                           Telephone: 312-527-4000
                                           Facsimile: 312-966-8584

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019, the foregoing was served by electronic mail upon the following:

> Douglas M. Werman (dwerman@flsalaw.com)
> Maureen A. Salas (msalas@flsalaw.com)
> Zachary C. Flowerree (zflowerree@flsalaw.com)
> Sarah J. Arendt (sarendt@flsalaw.com)
> WERMAN SALAS P.C.
> 77 West Washington, Suite 1402
> Chicago, Illinois 60602
> (312) 419-1008
>
> Joseph A. Fitapelli (jfitapelli@fslawfirm.com)
> Dana Cimera (dcimera@fslawfirm.com)
> FITAPELLI & SCHAFFER, LLP
> 28 Liberty Street, 30th Floor
> New York, New York 10005
>
> *Attorneys for Plaintiff*

 */s/ Daniel R. Saeedi*
Daniel R. Saeedi (#6296493)
dsaeedi@taftlaw.com
Allison E. Czerniak (#6319273)
aczerniak@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: 312-527-4000
Facsimile: 312-966-8584

26244259

EXHIBIT A

Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 12/4/2019 9:53 AM    By: MM    Env #7573965

ClientCaseID:                    58128              CaseReturnDate:   11/19/19

Affidavit of  A PRIVATE INVESTIGATOR

## KANE COUNTY, STATE OF ILLINOIS, CIRCUIT COURT

Case Number 19-L-000561

I, JOHN  PENNELL

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND
LICENSED AS A PRIVATE DETECTIVE (LICENSE # 115.002074) UNDER THE PRIVATE DETECTIVE ACT OF 2004.

### CORPORATE SERVICE

Clerk of the Circuit Court
Kane County, Illinois

12/3/2019 12:03 PM

FILED/IMAGED

THAT I SERVED THE WITHIN  SUMMONS & COMPLAINT
ON THE WITHIN NAMED  DEFENDANT  HC AURORA, LLC.
PERSON SERVED RHONDA HUNT, AUTHORIZED AGENT
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON 11/19/19

That the sex, race and approximate age of the whom I left the   SUMMONS & COMPLAINT
are as follow:

Sex  FEMALE  Race   WHITE        Age  52     Height   5'3"       Build   MEDIUM      Hair   BRN

LOCATION OF SERVICE   600 S 2ND ST # 103
                      SPRINGFIELD, IL, 62704

Date Of Service    11/19/19         Time of Service    3:22 PM

JOHN  PENNELL                                          11/19/2019

A PRIVATE INVESTIGATOR

PRIVATE DECTECTIVE # 115.002074

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned
certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such
matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

Case No. 19-L-000561 _____

### SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| HC AURORA, LLC. | RHONDA HUNT, AUTHORIZED AGENT | 11/19/2019 @ 3:22 P.M. |
| | | |
| | | |
| | | |

(d) - (Other service):

Signature
JOHN J PENNELL, LIC.# 115.002074

SERVICE FEES

Service and return _____ $ _____

Miles _____ ....................... _____

Total ........................................... $ _____

☐ Sheriff of _____ County
☐ Special Process Server

Sheriff of _____ County

☐ By _____ , Deputy

☐ Special Process Server
  (See Order of Appointment in file)

Form 166-A (08/18)    Page 2 of 2

Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 12/3/2019 9:46 AM    By: MP    Env #7565423

```
┌─────────────────────────────────┐
│  Thomas M. Hartwell             │
│  Clerk of the Circuit Court     │
│  Kane County, Illinois          │
│                                 │
│  12/2/2019 5:43 PM              │
│                                 │
│  FILED/IMAGED                   │
└─────────────────────────────────┘
```

**State of Illinois**

**In the Circuit Court for the 16th Judicial District of Kane County**

**Geneva, Illinois**

CASE NO.: 19-L-000561

## AFFIDAVIT OF SERVICE

Will Moffett and Curtis
Bowers, and all other persons
similarly situated, known and
unknown

vs.

HC Aurora LLC and Penn
National Gaming, Inc.

_____/

Commonwealth of Pennsylvania
County of Dauphin    ss.

I, **Terry Bumgardner**, a competent adult, being duly sworn according to law, depose and say that at **2:15 PM** on **11/25/2019**, I served **Penn National Gaming, Inc.** at **CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101** in the manner described below:

☐      Defendant(s) personally served.

☐      Adult family member with whom said Defendant(s) reside(s).
       Relationship is _____.

☐      Adult in charge of Defendant(s) residence who refused to give name and/or relationship.

☐      Manager/Clerk of place of lodging in which Defendant(s) reside(s).

☐      Agent or person in charge of Defendant's office or usual place of business.

☐      _____ an officer of said Defendant's company.

☑      Other: **Served Stefoni Murphy, Intake Specialist.**

a true and correct copy of **Summons; Notice to Defendants; Class Action Complaint** issued in the above captioned matter.

Description:
**Sex: Female - Age: 35 - Skin: White - Hair: Black - Height: 5' 08" - Weight: 145**

Sworn to and subscribed before me on this
2 H day of _November_ , 201 9 .

_____
NOTARY PUBLIC

X _____
Terry Bumgardner
Shinkowsky Investigations
PO Box 126538
Harrisburg, PA 17112
(800) 276-0202

Atty File#:  - Our File# **68826**

Law Firm: **Schlichter Bogard and Denton, LLP**
Address: **100 South Fourth Street, Suite 1200, St. Louis, MO, 63102**
Telephone: **(314) 621-6115**

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. 19-L-000561

| Will Moffett and Curtis Bowers, and all other persons similarly situated, known and unknown | HC Aurora LLC and Penn National Gaming, Inc. | *Thomas M. Hartwell* |
|---|---|---|
| Plaintiff(s) | Defendant(s) | Clerk of the Circuit Court Kane County, Illinois |

SERVE:

Name: **HC Aurora LLC and Penn National Gaming, Inc.**

11/19/2019

Address: **1 W New York St.**

**FILED/IMAGED**

City, State &  Zip: **Aurora, IL 60506**

File Stamp

Amount Claimed  **In excess of $50,000**

| Pltf. Atty **Jerome J. Schlichter** | Add. Pltf. Atty **Alex Braitberg** |
|---|---|
| Atty. Registration No. **IL 2488116** | Atty. Registration No. **IL 6320350** |
| Address **100 South Fourth St., Ste. 1200** | Address **100 South Fourth St., Ste. 1200** |
| City, State and Zip **St. Louis, MO 63102** | City, State and Zip **St. Louis, MO 63102** |
| Attorney E-mail: **jschlichter@uselaws.com** | Attorney E-mail: **abraitberg@uselaws.com** |

## SUMMONS

To the above named defendant(s):

☐ A.   You are hereby summoned and required to appear before this court in room _____ of the

_____ at _____ m. on

_____ to answer the complaint in this case, a copy of which is hereto attached.  If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B.   You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service.  If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C.   You are further Notified that a dissolution action stay is in full force and effect upon service of this summons.  The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

D.   E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance.  If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

11/19/2019

WITNESS, _____ (date

*Thomas M. Hartwell*

Clerk of Court

Form 166-A (08/18)     Page 1 of 2

Case No. __19-L-000561__

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

_____
Signature

**SERVICE FEES**

Service and return _____ $ _____

Miles _____ .................... _____

Total ...................................... $ _____

☐ Sheriff of _____ County

☐ Special Process Server

Sheriff of _____ County

☐ By _____ , Deputy

☐ Special Process Server
(See Order of Appointment in file)

Form 166-A (08/18)    Page 2 of 2

## NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1.   You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2.   You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

### CONDITIONS OF DISSOLUTION ACTION STAY

#### 750 ILCS 5/501.1
#### Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from concealing a minor child of either party from the child's other parent. The restraint provided in this subsection (e) does not operate to make unavailable any of the remedies provided in the Illinois Domestic Violence Act of 1986.

Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 11/13/2019 11:34 AM    By: SP    Env #7337222

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | |
|---|---|
| WILL MOFFETT and CURTIS BOWERS, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> HC AURORA LLC and PENN NATIONAL GAMING, INC., <br><br> Defendants. | Case No. <br><br> **19-L-000561** <br><br> Judge |

*Thomas M. Hartwell*
Clerk of the Circuit Court
Kane County, Illinois

**11/12/2019 5:46 PM**

**FILED/IMAGED**

## CLASS ACTION COMPLAINT

Plaintiffs Will Moffett and Curtis Bowers (collectively, "Plaintiffs"), individually and on behalf of all other persons similarly situated, bring this class action lawsuit for violations of the Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"), against Defendants HC Aurora LLC and Penn National Gaming, Inc. (collectively, "Defendants"). Plaintiffs allege the following facts based upon personal knowledge, investigation by their retained counsel, and on information and belief.

**NOTICE**
**BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**
**Judge: Murphy, James R**
**1/28/2020 9:00 AM**

## I.      Nature of the Action

1.      Plaintiffs allege that Defendants, in violation of BIPA, unlawfully captured, collected, possessed, received, transferred, and used the biometric information and biometric identifiers of Plaintiffs and a class of similarly situated individuals, including by extracting facial recognition data without obtaining informed written consent and without providing the required disclosures.

## II.     The Biometric Information Privacy Act

2.      BIPA was enacted in 2008 in order to safeguard biometric information as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

3.      As set forth in BIPA, biologically unique identifiers, such as facial geometry information, cannot be changed. 740 ILCS 14/5(c). As is likewise set forth in BIPA, the inalterable nature of biologically unique identifiers presents a heightened risk when biometric information is not protected in a secure and transparent fashion. 740 ILCS 14/5(d)-(g).

4.      As a result of the need for enhanced protection of biometric information, BIPA imposes various requirements on private entities that collect or maintain individuals' biometric information, including facial recognition information.

5.      BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes. Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g).

6.      BIPA applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

2

7.     A "biometric identifier" is defined by BIPA as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

8.     "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA.

**A.     Collecting, capturing, or otherwise obtaining biometric data.**

9.     BIPA imposes three requirements that must be satisfied before any private entity may "collect, capture . . . or otherwise obtain" biometric information:

(a)     First, the private entity must inform the individual in writing that the individual's biometric information is being collected or stored. 740 ILCS 14/15(b)(1).

(b)     Second, the private entity must inform the individual in writing of the purpose and length of time for which their biometric information is being collected, stored, and used. 740 ILCS 14/15(b)(2).

(c)     Finally, the private entity must receive a written release executed by the individual. 740 ILCS 14/15(b)(3).

10.     BIPA defines a "written release," outside the employment context, to mean "informed written consent." 740 ILCS 14/10.

**B.     Retention schedule for maintaining biometric data.**

11.     Additionally, BIPA requires that any private entity in possession of biometric data develop a public, written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 ILCS 14/15(a).

3

12.     BIPA requires that this public, written policy include information about how the entity will destroy the biometric data upon fulfilling the purpose for its collecting or within three years, whichever is later. *Id.*

## III.     Parties

13.     Plaintiff Will Moffett is a resident of Glen Ellyn in DuPage County, Illinois.

14.     Plaintiff Curtis Bowers is a resident of Aurora in Kane County, Illinois.

15.     Plaintiffs are regular patrons of Hollywood Casino Aurora (the "Casino") who have visited the Casino numerous times over the past five years to dine, gamble, and/or stay at the hotel.

16.     Defendant HC Aurora LLC is an Illinois corporation with its principal place of business located at 1 W New York St, Aurora, IL 60506.  Defendant HC Aurora LLC is a subsidiary of Defendant Penn National Gaming, Inc.

17.     Defendant Penn National Gaming, Inc. is a Pennsylvania corporation with headquarters located at 825 Berkshire Blvd., Wyomissing, PA 19610.

18.     Defendant Penn National Gaming, Inc. owns and operates numerous gambling properties throughout the country, including the Casino.

## IV.     Jurisdiction and Venue

19.     This Court has personal jurisdiction over Defendant HC Aurora LLC because, during the relevant period of time, Defendant HC Aurora LLC was formed under the laws of Illinois, conducted business in Illinois, committed the violations alleged in this Complaint in Illinois, and has purposefully availed itself of the laws of Illinois for the specific transactions at issue.

4

20.     This Court has personal jurisdiction over Defendant Penn National Gaming, Inc. because, during the relevant period of time, Defendant Penn National Gaming, Inc. conducted business in Illinois, committed the violations alleged in this Complaint in Illinois, and has purposefully availed itself of the laws of Illinois for the specific transactions at issue.

21.     Kane County is an appropriate venue for this litigation because Defendants have offices in Kane County, do business in Kane County, and committed the violations alleged in this Complaint in Kane County.

## V.     Background

### A.     Defendants' operation of the Casino and collection of biometric information.

22.     Defendants own and operate the Casino.

23.     The Casino has hundreds of thousands of visits per year.  In 2018, Defendants recorded 938,382 visits to the Casino.  In 2018, gross receipts from the operation of the Casino totaled $116,716,842.[1]

24.     As part of their daily operations, Defendants employ surveillance cameras which Defendants use to monitor the activities of Casino visitors and employees.

25.     As part of these monitoring activities, Defendants have, upon information and belief, collected biometric information from patrons, including by utilizing facial recognition technology to identify Casino visitors, including Plaintiffs, who have appeared before one or more of Defendant's surveillance cameras equipped with and/or connected to facial recognition technology.

26.     Defendants have, upon information and belief, used facial recognition information that they have obtained to identify individual patrons, including Plaintiffs.

---

[1] 2018 Annual Report, Illinois Gaming Board, *available at* https://www.igb.illinois.gov/AnnualReport.aspx.

5

27.     Defendants have also required visitors to the Casino to provide photo identification before allowing them to enter the premises.

28.     Upon information and belief, Defendants have collected and stored information regarding the identities of visitors to the Casino, including information taken from visitors' photo identification presented at entry.

29.     Plaintiffs belong to Defendants' player rewards program known as the "MyChoice" program. Defendants' MyChoice program purports to offer promotional benefits and rewards to patrons as they gamble at casinos owned by one or more of the Defendants.

30.     When enrolling in the MyChoice program, Defendants request that enrollees submit photo identification and provide additional contact information including, but not limited to, enrollees' current addresses, telephone numbers, and email addresses. Upon information and belief, Defendants retain this information.

31.     Each of the Plaintiffs regularly swiped and/or presented to a Casino employee their personalized MyChoice player cards before gambling. Upon information and belief, Defendants used the Plaintiffs' MyChoice card information to record details about each of the Plaintiffs and their gambling activities.

32.     Upon information and belief, Defendants have obtained Plaintiffs' biometric information when Plaintiffs have visited the Casino, including by using facial recognition technology to analyze images of Plaintiffs' faces in order to extract facial recognition information.

33.     Given that this facial recognition information is derived from individuals' faces, it is inherently permanent and unique.

6

34.     When identifying individual patrons, Defendants' facial recognition technology has compared facial recognition information to information controlled by Defendants to determine if there is an identity match for a particular individual.

35.     Defendants have, upon information and belief, collected and used the biometric information of Plaintiffs and others similarly situated, including unique facial recognition information, without adhering to BIPA's requirements.

36.     Specifically, Defendants have, upon information and belief, failed to obtain informed written consent from Plaintiffs prior to collecting their biometric information and biometric identifiers, and Defendants failed to make the required disclosures.

37.     Plaintiffs, on behalf of themselves and others similarly situated, bring this action to prevent Defendants from violating the privacy rights of individuals in the state of Illinois, and to recover damages for Defendants' collection, capture, storage and use of individuals' biometric information in violation of BIPA.

**B.     Plaintiffs' experiences at the Casino.**

38.     Upon entering the Casino, each Plaintiff was stopped by a Casino employee before walking onto the casino floor. The Casino employee asked each Plaintiff to present a form of photo identification. The Casino employee swiped each Plaintiff's photo identification through a card reader and then returned the identification to the Plaintiff before allowing them to proceed onto the Casino floor.

39.     On information and belief, Defendants' cameras have captured images of Plaintiffs while moving around the Casino and while gambling.

40.     On information and belief, Defendants have used facial recognition technology to analyze one or more images of Plaintiffs' faces.

7

41.     On information and belief, Defendants have used facial recognition technology to extract data relating to Plaintiffs' faces, such as facial geometry information, and retained and/or analyzed this extracted data.

42.     On information and belief, Defendants have used facial recognition technology that has analyzed camera footage and extracted data relating to each Plaintiff's face, such as facial geometry information, and compared the extracted data against stored identification patterns, such as face templates.

43.     Defendants have, upon information and belief, failed to inform Plaintiffs and others similarly situated in writing that it was collecting their biometric identifiers or biometric information.

44.     Defendants have, upon information and belief, failed to inform Plaintiffs and others similarly situated in writing of the purpose and length of time for such biometric data collection and storage.

45.     Defendants have, upon information and belief, failed to obtain a written release from Plaintiffs and others similarly situated before Defendants collected their facial geometry information.  Defendants have, upon information and belief, failed to establish and follow a publicly available written policy detailing a retention schedule and guidelines for permanently destroying the facial recognition information that Defendants collected from Plaintiffs and others similarly situated.

## VI.   Class Allegations

46.     Plaintiffs seek to represent the following class of similarly situated individuals:

All individuals who entered Hollywood Casino Aurora between November 12, 2014 and the present, including:

- Hollywood Casino Aurora patrons whose photo identification was recorded by Defendants; and

8

- Hollywood Casino Aurora patrons who are members of Defendants' MyChoice program (the "Class").

47.     <u>Numerosity</u>.  The Class includes thousands of people, such that it is not practicable to join all Class members into one lawsuit.

48.     <u>Ascertainability</u>.  The identity of Class members is ascertainable and identifiable based on Defendants' records.

49.     <u>Commonality</u>.  The issues involved with this lawsuit present common questions of law and fact, including:

- whether Defendants used facial recognition technology at the Casino;

- whether Defendants collected and/or possessed the Class's "biometric identifiers" or "biometric information" through the use of facial recognition technology at the Casino;

- whether Defendants properly informed Class members that it captured, collected, used, and stored their biometric identifiers and/or biometric information;

- whether Defendants obtained "informed written consent" (740 ILCS 14/10) to capture, collect, use, and store Class members' biometric identifiers and/or biometric information;

- whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and/or biometric information;

- whether Defendants used Class members' biometric identifiers and/or biometric information to identify them; and

- whether Defendants' violations of BIPA were committed recklessly or negligently.

50.     <u>Predominance</u>.  These common questions of law and fact predominate over any individual issue that may arise on behalf of an individual Class member.

51.     <u>Typicality</u>.  Plaintiffs, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

52.     Adequacy.  Plaintiffs and their counsel will fairly and adequately protect the interests of Class members.  Plaintiffs' counsel, Schlichter Bogard & Denton, LLP, will fairly and adequately represent the interests of the Class.  Schlichter Bogard & Denton, LLP has a well-documented track record of serving as class counsel in this State and elsewhere.  Schlichter Bogard & Denton's pioneering work in class actions brought on behalf of citizens of this State and others has been covered by numerous national publications, including the New York Times and Wall Street Journal, among other media outlets.  By way of limited example, as courts in this State have noted in reference to the work of Schlichter Bogard & Denton, LLP in class action litigation:

- "Class Counsel performed substantial work . . . investigating the facts, examining documents, and consulting and paying experts to determine whether it was viable. This case has been pending since September 11, 2006. Litigating the case required Class Counsel to be of the highest caliber and committed to the interests of the [class]." *Will v. General Dynamics*, No. 06-698, 2010 U.S. Dist. LEXIS 123349, at *8–9 (S.D. Ill. Nov. 22, 2010).

- "Litigating this case against formidable defendants and their sophisticated attorneys required Class Counsel to demonstrate extraordinary skill and determination." *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 U.S. Dist. LEXIS 12037, at *8 (S.D. Ill. Jan. 31, 2014).

53.     Superiority. A class action is the appropriate vehicle for fair and efficient adjudication of Plaintiffs' and Class members' claims because if individual actions were required to be brought by each member of the Class, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

## COUNT I – VIOLATION OF 740 ILCS 14/15(b)

54.     Plaintiffs incorporate paragraphs 1 through 54 as though fully realleged herein.

55.     Defendant HC Aurora LLC is a limited liability company formed under the laws of Illinois, operates a casino in Illinois, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

56.     Defendant Penn National Gaming, Inc. is a corporation that owns a casino in Illinois, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

57.     Information relating to an individual's face, such as facial geometry information, that has, upon information and belief, been extracted by facial recognition technology used by Defendants qualifies as "biometric identifier[s]" under BIPA. *Id.*

58.     The identification patterns based on the extracted data and subsequently used to identify Casino patrons, such as face templates, qualify as "biometric information" under BIPA. *Id.*

59.     Defendants violated BIPA section 14/15(b)(1) by capturing and collecting Plaintiffs' and Class members' biometric information, including extracted face data and related identification patterns, without first informing Plaintiffs and Class members that it was collecting this information.

60.     Defendants violated BIPA section 14/15(b)(2) by capturing and collecting Plaintiffs' and Class members' biometric information, including extracted face data and related identification patterns, without informing Plaintiffs and Class members in writing of the purpose for the collection. Further, Defendants violated BIPA section 14/15(b)(2) by failing to inform Plaintiffs and Class members in writing of the length of time Defendant would store and use

11

Plaintiffs' and Class members' biometric identifiers and biometric information, including extracted face data and related identification patterns, respectively.

61.     Defendants violated BIPA section 14/15(c) by capturing or collecting Plaintiffs' and Class members' biometric information, including extracted face data and related identification patterns, without first obtaining informed written consent authorizing Defendants to capture or collect Plaintiffs' and Class members' biometric identifiers and/or biometric information.

62.     Defendants' failure to adhere to the statutory requirements set forth herein constitutes negligent, if not reckless, violation of BIPA section 14/15(b).

63.     Plaintiffs in this Count I hereby request the relief set forth in the Prayer for Relief below, and incorporated as though fully set forth herein.

## COUNT II – VIOLATION OF 740 ILCS 14/15(a)

64.     Plaintiffs incorporate paragraphs 1 through 64 as though fully realleged herein.

65.     Defendant HC Aurora LLC is a limited liability company formed under the laws of Illinois, operates a casino in Illinois, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

66.     Defendant Penn National Gaming, Inc. is a corporation that owns a casino in Illinois, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

67.     Information relating to an individual's face, such as facial geometry information, that has, upon information and belief, been extracted by facial recognition technology used by Defendants qualifies as "biometric identifier[s]" under BIPA. *Id.*

12

68.     The identification patterns based on the extracted data and subsequently used to identify Casino patrons, such as face templates, qualify as "biometric information" under BIPA. *Id.*

69.     Defendants violated BIPA section 14/15(a) by possessing Plaintiffs' and Class members' biometric information, including extracted face data and related identification patterns, without creating and following a written policy, made available to the public, establishing and following a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

70.     Defendants' failure to adhere to the statutory requirements set forth herein constitutes reckless violation of BIPA section 14/15(a).

71.     Plaintiffs in this Count II hereby request the relief set forth in the Prayer for Relief below, and incorporated as though fully set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, pray for judgment against HC Aurora LLC and Penn National Gaming, Inc. as follows:

A.      Certifying this case as a class action, appointing Plaintiffs as Class representatives, and appointing Plaintiffs' counsel as Class Counsel;

B.      Finding that Defendants' conduct violates BIPA, and awarding damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1);

C.      Awarding injunctive and/or other equitable or non-monetary relief as appropriate to protect the Class, including by enjoining Defendants from further violating BIPA pursuant to 740 ILCS 14/20(4);

D.     Awarding Plaintiffs reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

E.     Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

F.     Awarding such other and further relief as this Court deems appropriate and as equity and justice may require.

14

Dated: November 12, 2019

Respectfully submitted,

*/s/ Jerome J. Schlichter*
Jerome J. Schlichter (IL 2488116)
Andrew Schlichter*
Alex Braitberg (IL 6320350)
Brett Rismiller*
SCHLICHTER BOGARD & DENTON LLP
100 South Fourth St., Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
brismiller@uselaws.com

*Attorneys for Plaintiffs*

**Pro hac vice* forthcoming

15